### 328.   JOHNSON *v.* GEORGIA LOAN AND TRUST CO.

The evidence demanded the verdict rendered.

Complaint, from city court of Floyd county—Judge Hamilton. November 28, 1906.

Argued May 6,—Decided May 16, 1907.

*Fouché & Fouché,* for plaintiff in error.

*Lipscomb & Willingham,* contra.

POWELL, J. The Georgia Loan and Trust Company sued out a distress warrant against Johnson. The latter, although admitting the execution of the rent notes, set up, in defense, that one

Hill was the agent of the plaintiff, and that the defendant, after having rented the land, cultivated it through a cropper, named Townsend; that in the fall of the year Hill ordered Townsend to bring the cotton raised on the rented premises to him in Rome, and constituted Townsend an agent and representative of the plaintiff to bring the cotton to Rome; that Townsend did take the defendant's cotton under instructions from Hill, brought it to Rome, sold it, but did not pay the money to either Hill or the defendant. Waiving the questions whether such a transaction as this can be set up in defense to a distress warrant, and whether Hill, the plaintiff's agent, had the authority to delegate his agency to Townsend, and thereby constitute the latter the plaintiff's agent, and also whether Townsend's misappropriation of the money arising from the sale of the cotton could have been regarded as being within the scope of his agency, it is nevertheless clear that the defendant has not established his defense by any legal means; for there was no sufficient evidence adduced on the trial to show that any such transaction had taken place between Hill and Townsend. The defendant attempted to establish these facts by admissions and declarations made by Hill, but, under the decision of this court in *Georgia Ry. and Elec. Co.* v. *Harris,* ante, 714, and the cases therein cited, the admissions and declarations of Hill were not binding upon the plaintiff, and could not be given any probative value by the court. It is true that Hill himself testified upon the trial as a witness, but the state of facts testified to by him was not consistent with the theory that Townsend was the plaintiff's agent. His declarations made at other times, inconsistent with his testimony on the trial, might, if the foundation had been laid, have been relevant for the purpose of impeaching him, but not for the purpose of establishing the substantive facts admitted or stated in such declarations. This being true, the evidence demanded the verdict rendered in favor of the plaintiff.

*Judgment affirmed.*